IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEORIS DE MEXICO, S.A. De C.V., formerly known as CEMTEC, S.A., DE C.V., <br><br> Plaintiff and Counter-Defendant, <br><br> v. <br><br> ARIBA INC., <br><br> Defendant and Counter-Claimant. <br> _____ / | No. C 02-01670 JSW <br><br> **ORDER DENYING IN PART AND GRANTING IN PART CROSS-MOTIONS FOR SUMMARY JUDGMENT** |

**INTRODUCTION**

Now before the Court is the partial motion for summary judgment filed by plaintiff Neoris De Mexico, S.A., de C.V., formerly known as Cemtec, S.A., de C.V. ("Cemtec") and the cross-motion for summary judgment or in the alternative for summary adjudication filed by defendant Ariba Inc. ("Ariba"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court DENIES Cemtec's motion and GRANTS IN PART and DENIES IN PART Ariba's motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

Cemtec is the internal technology arm of Cemex, a global cement company located in Monterey, Mexico. Ariba is a provider of internet based business-to-business ("B2B") electronic commerce network solutions. In 1999 and 2000, the parties engaged in negotiations regarding the possibility of Cemtec licensing and reselling Ariba's software, and in May 2000

1  entered into a Master Agreement.  Pursuant to this agreement, Cemtec agreed to pay Ariba over
2  20 million dollars, of which it paid approximately 16 million.  Ariba agreed in return to provide
3  Cemtec a license to Ariba's ORMS software for Cemtex's internal use (Attachment 1 to the
4  Master Agreement), a license to certain Ariba software to build an Exchange (vertical market)
5  for construction products (Attachment 2 to the Master Agreement), a license to Ariba's ORMX
6  application to use in hosting a horizontal marketplace in indirect goods (Attachment 3 to the
7  Master Agreement), and the right to sell licenses to ORMS to third parties (Attachment 4 to the
8  Master Agreement).  (Gallo Declaration in Support of Ariba's Motion, Ex. 1 (Master
9  Agreement).)

10  Cemtec contends that the "ORMX" software did not exist, and is thus moving for
11  summary judgment on its third claim (Rescission and Restitution) to rescind Attachments 3 and
12  4 on the basis of mistake and failure of consideration.  Cemtec is also moving for summary
13  judgment on its second claim (Breach of Contract).  According to Cemtec, Ariba breached
14  Attachment 2 and Ariba's express warranties by failing to provide Cemtec with the right and
15  ability to privately brand its marketplace.  Lastly, Cemtec is moving for summary judgment on
16  Ariba's two counterclaims.  Cemtec argues that Ariba's second counterclaim (Breach of
17  Contract - Attachment 4) for the final 3.3 million installment payment under Attachment 4 fails
18  as a matter of law for the same reasons that Attachment 3 and 4 should be rescinded, and that
19  Cemtec should be granted summary judgment on Ariba's first counterclaim (Breach of Contract
20  - Attachment 2) based on waiver and the failure of the ORMX software.

21  Ariba is moving for summary judgment on all of Cemtec's claims in its Fourth Amended
22  Complaint: 1) the first claim (Breach of Express Warranty); 2) the second claim (Breach of
23  Contract; 3) the third claim (Recission and Restitution); 4) the fourth claim (Promissory
24  Estoppel); 5) the fifth claim (Breach of Covenant of Good Faith and Fair Dealing); 6) the sixth
25  claim (Money Had and Received); 7) the seventh claim (Accounting/Constructive Trust); 8) the
26  eighth claim (Fraud or Deceit); 9) the ninth claim (Fraudulent Nondisclosure); and 10) the tenth

claim (Negligent Misrepresentation). Ariba also moves affirmatively on its affirmative defense of laches and on its counterclaim for breach of contract under Attachment 4.[1]

**ANALYSIS**

**A.   Legal Standards Applicable to Summary Judgment.**

A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

A party moving for summary judgment who does not have the ultimate burden of persuasion at trial, must produce evidence which either negates an essential element of the non-moving party's claims or show that the non-moving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). A party who moves for summary judgment who does bear the burden of proof at trial, must produce evidence that would entitle it to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In order to make this showing, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Id.* (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)). If the non-moving party fails to make this showing, the

---

[1] Both parties submitted voluminous evidence and voluminous objections to such evidence. Much of the evidence objected to was not necessary to the resolution of this motion. Therefore, the Court need not rule on the admissibility of such evidence at this time. To the limited extent the Court relied on evidence objected to in resolving the cross-motions for summary judgment, the objections are overruled.

3

moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

**B.     The Cross-Motions for Summary Judgment**

      **1.     Cemtec's First Claim (Breach of Express Warranty)**

Ariba is moving for summary judgment on Cemtec's breach of express warranty claim, which alleges that Ariba's software failed to perform hosting, branding and tracking functions as promised and that the Exchange software, also referred to by the parties as AMSE and DT, failed to perform as promised. Ariba argues that a provision in the Master Agreement limits any express warranty to those provided in Ariba's user documentation. In opposition, Cemtec points to language in Ariba's user documentation describing the speed, accuracy and efficiency of Exchange software to build a global online marketplace, and submits evidence demonstrating that the software did not meet these stated standards.

However, with the exception of Cemtec's contentions that Ariba made warranties regarding AMSE and DT with respect to "response time" and "other software performance problems," Cemtec either did not oppose Ariba's motion on this claim or conceded at the hearing that it was not pursuing its warranty claim on the other bases challenged by Ariba's motion. Therefore, the Court denies Ariba's motion for summary judgment on Cemtec's breach of express warranty claim to the extent it is premised on warranties of the Exchange software with respect to the speed, accuracy, efficiency, and integration issues addressed in Cemtec's opposition, and grants Ariba's motion on the warranty claim to the extent it is premised on any other alleged warranties.

4

### 2. Cemtec's Second Claim (Breach of Contract)

Ariba argues that Cemtec's allegations for breach of contract are barred by the provision limiting any warranty to those expressly provided in the agreement, yet does not provide any authority demonstrating that a warranty provision may limit breach of contract claims as distinguished from breach of warranty claims. Accordingly, the Court denies Ariba's motion on this basis.[2]

Cemtec failed to oppose Ariba's motion with respect to the breach of contract claim on the following bases: 1) the Master Agreement does not impose an obligation to provide tracking and reporting functionality, and 2) there is no evidence that Ariba failed to make "commercially reasonable" joint promotional efforts. Due to Cemtec's failure to oppose, the Court grants Ariba's motion on these bases.[3]

With respect to the remaining issues on which Ariba and Cemtec move for summary judgment on the breach of contract claim, both motions are denied based on the existence of genuine issues of material fact. The Master Agreement is an integrated agreement. (Gallo Declaration, Ex. 1 (Master Agreement), § 11.9.) Nevertheless, under California law, extrinsic evidence may be offered when a contract term is ambiguous on its face, but also to expose a latent ambiguity. *Southern Pac. Transp. v. Santa Fe Pac. Pipelines, Inc.,* 74 Cal.App.4th 1232, 1241 (1999). "The test of admissibility of extrinsic evidence to explain the meaning of a written instrument is not whether it appears to the court to be plain and unambiguous on its face, but whether the offered evidence is relevant to prove a meaning to which the language of the instrument is reasonably susceptible." *Pacific Gas & E. Co. v. G. W. Thomas Drayage & Rigging Co., Inc.*, 69 Cal.2d 33, 37 (1968). Based upon a review of the Master Agreement and the extrinsic evidence submitted by the parties, there are genuine issues of material fact which

---

[2] Ariba moves for summary judgment on Cemtec's fifth claim for breach of the implied covenant of good faith and fair dealing on the same basis, and the Court denies its motion on this issue for the same reason.

[3] Ariba also moves for summary judgment on Cemtec's fifth claim for breach of the implied covenant of good faith and fair dealing with respect to Cemtec's allegations that Ariba failed to make "commercially reasonable" joint promotional efforts. Due to Cemtec's failure to oppose, the Court grants Ariba's motion on this issue as to Cemtec's fifth claim as well.

5

preclude summary judgment in favor of either party on the remaining issues with respect to Cemtec's breach of contract claim.

### 3. Cemtec's Third Claim (Rescission) and Ariba's Laches Defense

Both parties are moving for summary judgment on Cemtec's claim for rescission. Cemtec contends that rescission is justified either based on mistake of fact or failure of consideration. A mistake of fact that is material to the contract and was not the result of neglect of a legal duty entitles a party to rescind a contract if the other party knew of or caused the mistake, or if the effect of the mistake is such that enforcement of the contract would be unconscionable. *Donovan v. RRL Corp.*, 26 Cal.4th 261, 281 (2001). Failure to provide consideration may also provide grounds for rescission. *Calabrese v. Rexall Drug*, 218 Cal.App.2d 774, 785 (1963). Both parties have submitted evidence demonstrating the existence of genuine issues of material fact that preclude summary judgment for either side on this claim.

Ariba further moves for summary judgment on its affirmative defense of laches. A party seeking to rescind a contract must do so promptly upon learning of the basis supporting rescission. *B. C. Richter Contracting Co. v. Continental Cas. Co.*, 230 Cal.App.2d 491, 500 (1964). Whether a party's delay in asserting rescission is sufficient to justify the application of the doctrine of laches defense is question of fact. *Williams v. Marshall*, 37 Cal.2d 445, 455 (1951). Based on the record before it, the Court cannot conclude that Ariba would be entitled to a directed verdict on this issue because there are disputed facts. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000).

### 4. Cemtec's Fourth Claim (Promissory Estoppel)

Ariba moves for summary judgment on Cemtec's fourth claim for promissory estoppel on the basis that such a claim requires extracontractual statements, as opposed to promises bargained for and contained within a contract. *See Walker v. KFC Corp.*, 728 F.2d 1215, 1218-1219 (9th Cir. 1984). Cemtec failed to oppose Ariba's motion on this basis, and the Court therefore grants Ariba's motion for summary judgment on Cemtec's fourth claim.

### 5. Cemtec's Fifth Claim (Breach of Covenant of Good Faith and Fair Dealing)

"[U]nder California law, all contracts have an implied covenant of good faith and fair dealing." *In re Vylene Enterprises, Inc.*, 90 F.3d 1472, 1477 (9th Cir. 1996) (*citing Harm v. Frasher,* 181 Cal.App.2d 405, 417 (1960)). The covenant may not be read to vary the express terms of a contract. *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal.4th 342, 374 (1992). Ariba argues that this claim fails with respect Cemtec's allegations that Ariba failed to provide necessary upgrades, withdrew support for the AMSE software, and failed to make commercially reasonable joint promotional efforts. With the exception of the joint promotional efforts discussed above, there are genuine issues of material fact that preclude summary judgment for Ariba on this claim.

### 6. Cemtec's Sixth Claim (Money Had and Received) and Seventh Claim (Accounting/Constructive Trust)

Ariba argues that it is entitled to summary judgment on Cemtec's sixth and seventh claims because they are predicated on the same acts of wrongdoing alleged in Cemtec's first through fifth claims on which Ariba moved for summary judgment. Because, except for the limited issues on which Cemtec did not oppose, the Court denied Ariba's motion on those claims based on the existence of genuine issues of material fact, Ariba's motion on Cemtec's sixth and seventh claims is denied as well.

### 7. Cemtec's Eighth Claim (Fraud or Deceit) and Ninth Claim (Fraudulent Nondisclosure) and Tenth Claim (Negligent Misrepresentation)

To prevail on a fraud claim based on misrepresentation under California law, Cemtec must demonstrate that (1) Ariba made a misrepresentation as to a past or existing material fact; (2) Cemtec must have known the representation was false when made; (3) Cemtec must have made the representation with an intent to defraud the Cemtec; (4) Cemtec must have been unaware of the falsity of the representation and relied on the misrepresentation; and (5) Cemtec incurred damages as a result. *Williamson v. General Dynamics Corp.*, 208 F.3d 1144, 1156 n.3 (9th Cir. 2000). To prove fraud based on concealment or nondisclosure, Cemtec must show that: (1) Ariba concealed a material fact; (2) Ariba was under a duty to disclose the fact to

7

Cemtec; (3) Ariba concealed or suppressed the fact with an intent to defraud; (4) Cemtec was unaware of the fact and would have acted if it had known about the fact; and (5) Cemtec incurred damages as a result. *See id.* Cemtec's claim for negligent misrepresentation differs from its claim for fraud based on misrepresentation only with respect to Ariba's intent. Cemtec must demonstrate only that Ariba did not have reasonable grounds for believing the representation was true and intended to induce Cemtec's reliance on this representation. *See Fox v. Pollack*, 181 Cal.App.3d 954, 962 (1986).

Based on the record before it, the Court concludes that there are genuine issues of material fact regarding whether Ariba intentionally or negligently made false representations about ORMX and whether Cemtec relied on such statements. Similarly, there are genuine issues of material fact regarding whether Ariba concealed information on ORMX. The Court therefore denies Ariba's motion on Cemtec's eighth, ninth, and tenth claims.

### 8. Ariba's Counterclaims for Breach of Contract

Cemtec moves for summary judgment on Ariba's two counterclaims for breach of contract based on Attachment 2 and Attachment 4. In its cross-motion, Ariba moves for summary judgment on its counterclaim for breach of contract based on Attachment 4. Ariba alleges that Cemtec breached Attachment 2, which relates to the AMSE and DT software to establish a vertical marketplace, by creating more than one vertical marketplace. Cemtec argues that Ariba should be estopped from pursuing this claim based on Ariba's waiver of enforcing Attachment 2 and inducing Cemtec's reliance on its waiver. Cemtec also argues that the failure of the software precludes Ariba from enforcing Attachment 2. Under both estoppel and waiver, Cemtec must demonstrate Ariba's intent to give up its rights to enforce a breach of contract or act in such a way that Cemtec had a right to believe Ariba would allow Cemtec's breach. *See Utility Audit Co. v. City of Los Angeles*, 112 Cal.App. 4th 950, 959 (2003) ("waiver of a legal right cannot be established without a clear showing of intent to give up such right"); *Lentz v. McMahon*, 49 Cal.3d 393, 399 (1989) (estoppel requires, *inter alia*, that the defendant "intend that his conduct shall be acted upon, or must so act that the party asserting the estoppel had a right to believe it was so intended"). Ariba submitted evidence demonstrating a genuine issue

of material fact regarding its intent, as well as regarding the performance of AMSE, thus precluding summary judgment in favor of Ariba.

Attachment 4 relates to Cemtec's ability to sell ORMS licenses to third parties. It is undisputed that Cemtec has not paid the final installment payment under this Attachment of over three million dollars. Ariba argues it fully performed and thus is entitled to this final payment. Cemtec counters that its performance under Attachment 4, including paying the final installment, is excused by Ariba's material breaches. As discussed above, the Court has already concluded that genuine issues of material fact exist as to whether Ariba breached. The factual issues regarding Ariba's breaches preclude summary judgment for either party on Ariba's counterclaims as well.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Cemtec's motion for partial summary judgment and GRANTS IN PART and DENIES IN PART Ariba's cross-motion for summary judgment as follows:

(1) The Court DENIES Ariba's motion on Cemtec's first claim for breach of express warranty claim to the extent it is premised on warranties of the Exchange software with respect to the speed, accuracy, efficiency, and integration issues addressed in Cemtec's opposition, and GRANTS Ariba's motion on the warranty claim to the extent it is premised on any other alleged warranties.

(2) The Court GRANTS Ariba's motion on Cemtec's second claim for breach of contract as to tracking and reporting functionality and joint promotional efforts and DENIES Ariba's motion with respect to any other breaches asserted by Cemtec.

(3) The Court GRANTS Ariba's motion on Cemtec's fourth cause of action for promissory estoppel.

(4) The Court GRANTS Ariba's motion on Cemtec's fifth claim for breach of the implied covenant of good faith and fair dealing as to joint promotion efforts and DENIES Ariba's motion with respect to any other aspect of Cemtec's fifth claim; and

9

(5) The Court DENIES all remaining portions of Ariba's motion for summary judgment.

The Court FURTHER ORDERS that the parties shall retrieve the chambers copies of the documents filed under seal in support of the cross-motions by no later than April 29, 2005.

**IT IS SO ORDERED.**

Dated: April 25, 2005              /s/ Jeffrey S. White
                                   JEFFREY S. WHITE
                                   UNITED STATES DISTRICT JUDGE